**iCommLaw**
Anita Taff-Rice, Esq. (SBN 186039)
1547 Palos Verdes, # 298
Walnut Creek, CA 94597
Tel.: (415) 699-7885
Fax: (925) 274-0988
anita@icommlaw.com
Attorneys for Plaintiff
JONATHAN FINESTONE

**DOWNEY BRAND LLP**
SEAN J. FILIPPINI (SBN 232380)
sfilippini@downeybrand.com
KELLY M. BREEN (SBN 267715)
kbreen@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:    916.444.1000
Facsimile:    916.444.2100
Attorneys for Defendants UTILITY TELECOM GROUP, LLC, UTILITY TELEPHONE, INC., and JASON MILLS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**

| | |
|---|---|
| JONATHAN FINESTONE, <br><br> *Plaintiff*, <br><br> v. <br><br> UTILITY TELECOM GROUP, LLC, UTILITY TELEPHONE, INC., JASON MILLS, and DOES 1-10, <br><br> *Defendants*. | Case No. 2:20-cv-00230-TLN-KJN <br><br> **STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |

Plaintiff JONATHAN FINESTONE ("Plaintiff") and Defendants UTILITY TELECOM GROUP, LLC, UTILITY TELEPHONE, INC., and JASON MILLS ("Defendants") by and through their respective counsel of record submit the following, pursuant to Local Rule 141, hereby stipulate to the below in connection with discovery, pretrial activities, trial, and post-trial activities including appeals, in the above captioned case ("Action"). The Parties further

acknowledge, as set forth in Section 8, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1. **Scope of "Confidential" Material.**  Any Party or non-party that produces any document, item, material, deposition testimony, or information (collectively, "material") during discovery in this Action may designate as Confidential material that has not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes constitutes, contains, reveals, or relates to confidential research, development, process, operational, technical, financial, commercial, or marketing information of the designating party.  Material considered Customer Proprietary Network Information within the meaning of 47 U.S.C. § 222 shall be treated as Confidential hereunder, whether so designated or not.

2. **Designation of "Confidential" Material**.  A Party or non-party that produces material in discovery in this Action may designate it as Confidential by stamping or otherwise marking it "CONFIDENTIAL" or the equivalent, in a manner that will not interfere with the legibility of the document. Any Party designating material as Confidential shall not designate the entirety of the material as confidential except on a good faith belief that every part of the material is entitled to Confidential designation.  If the entirety of the material is not entitled to Confidential designation, the producing Party shall mark only portions or pages entitled to Confidential designation and shall produce the remainder of the document as public.  If any Party or non-party inadvertently discloses material which that party deems entitled to designation as Confidential, but which that party did not so designate, such party shall promptly (but no later than 15 business days), upon discovery of such non-designation, inform counsel of record in the Action in writing about the non-designation and the proper Confidential designation.  Counsel of record, upon receiving such notice, shall thereafter treat the material as Confidential as if designated pursuant to this Stipulated Protective Order.  To the extent that, prior to such notice, a Party or counsel of record may have disclosed such material to those other than persons authorized pursuant to this Stipulated Protective Order, the Party or counsel shall not be deemed to have violated this

2
STIPULATED PROTECTIVE ORDER

Stipulated Protective Order in any respect, but shall make every good-faith effort to retrieve the material promptly from such persons, and to limit any further disclosure pursuant to this Stipulated Protective Order.

3. **Challenge to Designations**. A receiving Party may challenge a producing Party's or non-party's designation of material at any time. Any receiving Party disagreeing with a Confidential Material designation may request in writing that the producing Party or non-party change the designation of a portion or all of the material. Pursuant to Local Rule 251(b), the Parties shall attempt to resolve each challenge in good faith by conferring directly within ten (10) business days after receipt of that request. If the Parties are unable to reach agreement within this ten (10) business day time-frame, it shall be the obligation of the producing Party or non-party to file and serve an appropriate motion to the United States District Court for the Eastern District of California (the "Court"), no later than five (5) business days after the conclusion of the ten (10) business day period, requesting the Court to retain confidentiality under Local Rule 140 (and in compliance with Local Rule 141, if applicable). If such a motion is timely filed, the disputed material shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the producing Party or non-party fails timely to file such a motion, the disputed material shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the producing Party or non-party shall bear the burden of establishing that the disputed material should be treated as Confidential.

4. **Restrictions on Use of Confidential Material**. Material produced in response to discovery requests in this Action and designated Confidential shall be used and disclosed solely in connection with the Action and shall not be used or disclosed in connection with any other litigation or for any business, commercial, competitive, personal, or other purpose.

5. **Access to Confidential Material**. Material designated as Confidential shall be maintained in confidence by the Parties to this Action and their respective counsel of record solely for the uses as provided in Paragraph 4 of this Order and shall not be disclosed to any person except:

   a. The Court and its officers;

   b. Those Parties to this Action or officers, directors, members, and/or employees of Parties to this Action who have a legitimate need to see such information in conjunction with the litigation of this Action;

   c. Plaintiff's counsel of record in the Action, and employees of his counsel of record;

   d. Defendants' counsel of record in the Action, and employees of their counsel of record;

   e. Persons not employees of Plaintiff's counsel of record or Defendant's counsel of record who are expressly retained to assist any of them in connection with the Action including, but not limited to, litigation support professionals, independent auditors, accountants, statisticians, economists, and other designated experts, and the employees of such persons.

   f. Witnesses, prospective witnesses, or deponents, examined for the purposes of this Action, provided, however, that no such witness shall be allowed to retain possession of Confidential Material he is not otherwise entitled to possess under this Stipulated Protective Order after the completion of his testimony;

   g. Court reporters and videographers; and

   h. Other persons as ordered by the Court

   Prior to disclosure of Confidential Material to any such person in subsections (b) to (f) must agree to be bound by the terms of this Stipulated Protective Order by signing the Certificate of Acknowledgment, attached hereto as <u>Exhibit A and returning the signed Certificate to opposing counsel</u>;

  6. **Copies and Summaries**. Any person who obtains access to material designated as Confidential under this Stipulated Protective Order shall not make copies, abstracts, extracts, analyses, summaries, or other reproductions which contain, reflect, or disclose the material, except for use in the Action in which the material was produced. Each such copy, abstract, extract, analysis, summary, or other reproduction which contains, reflects or discloses the

material, is to be treated as Confidential in accordance with the provisions of this Stipulated Protective Order.

7. **Maintenance of Confidential Material**.  All Confidential Material shall be stored under the direct control of counsel of record or such other persons who are authorized to have access to such material pursuant to Paragraph 5 hereof.  The authorized person storing the Confidential Material shall be responsible for preventing any disclosure of such material in his possession, except in accordance with the terms of this Stipulated Protective Order.

8. **Filing Confidential Material**.  If a Party wishes to file with the Court Confidential Material, or the content and substance thereof, the Party must file the submission under seal with the Court pursuant to the Court's rules for filing sealed items.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  The Parties will attempt to file unsealed as much of a pleading, motion, or other document as they reasonably can.

9. **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any material designated as Confidential by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

10. **Additional Protective Orders**.  This Stipulated Protective Order shall be without prejudice to the right of the Parties or non-parties to present a motion to the Court for a separate protective order as to any particular material, including restrictions differing from those as specified herein.  This Stipulated Protective Order shall not be deemed to prejudice the Parties or non-parties in any way in any future application for modification or vacation of this Stipulated Protective Order.

11. **Production of Privileged Documents**.  The production of any material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege does not constitute a waiver of the applicable privilege or doctrine. If a Party or a non-party produces any such material, the recipient agrees, upon demonstration of a good faith basis for asserting that the material is subject to a privilege, the receiving party will promptly return all copies of the material in the recipient's possession, delete any versions of the material on any database that the recipient's maintains, and make no use of the material.  Nothing contained herein will limit or otherwise waive the rights and obligations of the Parties and non-parties under Rule 502 of the Federal Rules of Evidence.

12. **Depositions**.  Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" either:  (i) by captioned, written notice to the reporter and all counsel of record, when or before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the designating Party or non-party may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the designating party.  Pending expiration of the ten (10) business days, the Parties shall treat any deposition transcript as if it had been designated "CONFIDENTIAL" as directed by the designating Party or non-party.  Where testimony is designated at a deposition, the designating Party or non-party may exclude from the deposition all persons other than those to whom the Confidential Material, including the content and substance thereof, may be disclosed under Paragraph 5 of this Order.  Counsel for any Party may mark Confidential Material as a deposition exhibit and examine any witness thereon, provided they designate the exhibit and related transcript pages as "CONFIDENTIAL."

13. **Third Party Requests for Production**.  Should a Party receive a request from any government authority or other third party for compulsory or voluntary production of material that the receiving Party contends applies to any Confidential Material, including the content and

substance thereof, the other Party or a non-party has produced in discovery regarding this Action, the receiving Party shall: (i) first respond by setting forward the existence of this Order; (ii) notify the producing Party or non-party in writing of the request within two (2) business days of receipt of the request, and (iii) absent consent of the producing Party or non-party disclose the Confidential Material only to the extent it is compelled to do so by a court, arbitration tribunal or regulatory authority, and any such disclosure shall be subject to the terms of Paragraph 14 of this Order.

14. **Compelled Production**. Should a court or other authority, with the requisite jurisdiction and power to do so, order or otherwise seek to compel a Party to produce Confidential Material the other Party or a non-party has produced in discovery in connection with this Action, the receiving Party (i) will notify the producing Party or non-party in writing within two (2) business days of receipt of the order, and (ii) will not comply with any such order before the close of business on the last day for compliance with the order, so as to allow the producing Party or non-party a reasonable amount of time to object to and/or challenge the production, before this Court, the court issuing the order, or other authority.

15. **Use of Confidential Material at Trial**. Nothing in this Order shall be construed to affect the use of any material at any trial or hearing. A Party that intends to present or that anticipates that another Party may present at a hearing or trial Confidential Material, or the substance thereof, shall bring that issue to the Court's, Parties', and any producing non-party's attention by motion or in a pretrial memorandum without disclosing the Confidential Material. The Court may thereafter make such orders as necessary to govern the use of such material at trial.

16. **Disposition of Confidential Material After the Action**. Upon the earlier of (i) a final non-appealable adjudication of the Action, (ii) a resolution of this Action through settlement, or (iii) at such time as is otherwise agreed in writing by the Parties hereto, counsel for the Parties or their designees, shall either (i) assemble and return all documents, items, materials, deposition transcripts, or information designated as Confidential Material and all copies of same to the Party or non-party producing such materials, and shall certify the return thereof; or (ii) destroy all such

materials and provide a written certificate of such destruction to the Party or non-party producing such materials.

17. **Submission to the Court**.  The Parties agree to submit this Stipulated Protective Order for entry by the Court.  The Parties agree to be bound by its terms with respect to disputes arising after its submission to the Court and subsequent to entry by the Court.  This Order will not be construed to modify the application of the local civil rules.  This Order can only be modified by order of the Court.

18. **No Waiver of Rights**.  This Stipulated Protective Order shall not be deemed a waiver of:

   a. Any Party's or non-party's right to object to any discovery request on any ground;

   b. Any Party's right to seek an order compelling discovery with respect to any discovery request;

   c. Any Party's right to object to the admission of any evidence on any ground;

   d. Any Party's right to use its own materials with complete discretion; or

   e. Any Party's or non-party's right to move the Court to amend any portion of this Stipulated Protective Order.

19. **Duration**.  This Stipulated Protective Order shall survive the final termination of the Action to the extent necessary to effect its terms, provisions, and requirements.

20. **Remedies**.  This Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and any other sanctions as may be available to the presiding judge, including the power to hold Parties or other violators of this Protective Order in contempt.  All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  July 6, 2020          iCommLaw


By: /s/Anita Taff-Rice
                Anita Taff-Rice
        Attorney for JONATHAN FINESTONE


DOWNEY BRAND LLP


By: /s/Kelly Breen

Attorneys for Defendants Attorneys for UTILITY TELECOM GROUP, LLC, UTILITY TELEPHONE, INC., and JASON MILLS


**ORDER**

The court has reviewed the parties' stipulated protective order, and GRANTS the request subject to the following clarification.  This court's Local Rules indicate that once this action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action."  L.R. 141.1(f).  Courts in the district generally do not agree to retain jurisdiction after closure of the case, and the court will not do so here.  See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal. Feb. 03, 2017).


Dated:  July 8, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fine.230

# **EXHIBIT A**

## **CERTIFICATE OF ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**

I declare that:

I have been provided a copy of and have read the Stipulated Protective Order Governing Confidential Information ("Stipulated Protective Order"), entered in the case of *Jonathan Finestone v. Utility Telecom Group, LLC, Utility Telephone, Inc., Jason Mills, and Does 1-10*, Case No. 2:20-cv-00230-TLN-KHN (E.D. Cal.). I agree to abide by the Stipulated Protective Order and not reveal or otherwise communicate to anyone or use any of the information designated as "Confidential" that is disclosed to me except in accordance with the terms of such Order. I acknowledge that any violation of the Stipulated Protective Order may be punishable for contempt of court or result in civil liability, or both.

DATED: _____    _____
Signature of Declarant

_____
Printed Name

_____
Street Address

_____
City/State/Zip

_____
Telephone Number