1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JONATHAN FINESTONE,                        No. 2:20-cv-00230-TLN-KJN

12               Plaintiff,

13        v.                                    **ORDER**

14   UTILITY TELECOM GROUP, LLC;
     UTILITY TELEPHONE, INC.; JASON
15   MILLS; and DOES 1–10,

16               Defendants.

17

18        This matter is before the Court on Plaintiff Jonathan Finestone's ("Plaintiff") Motion for

19   Leave to File a First Amended Complaint.  (ECF No. 36.)  Also before the Court is Defendants

20   Utility Telecom Group, LLC ("UTG"), Utility Telephone, Inc. ("UTI"), and Jason Mills's

21   ("Mills") (collectively, "Defendants") Motion for Judgment on the Pleadings.  (ECF No. 14.)

22   Both motions have been fully briefed.  (ECF Nos. 37, 39, 40, 42.)  For the reasons set forth

23   below, the Court GRANTS Plaintiff's Motion for Leave to File a First Amended Complaint and

24   DENIES Defendants' Motion for Judgment on the Pleadings as moot.

25   ///

26   ///

27   ///

28   ///

1

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

2        This action arises out of a dispute over Defendants' alleged failure to transfer certain

3  telephone numbers assigned to Plaintiff to another carrier of Plaintiff's choosing.  (ECF No. 1.)

4  Plaintiff filed this action on January 30, 2020.  (*Id.*)  On May 11, 2021, Defendants filed their

5  motion for judgment on the pleadings.[1]  (ECF No. 14.)  On July 7, 2022, Plaintiff filed his motion

6  for leave to file a first amended complaint.  (ECF No. 36.)  Defendants filed an opposition on July

7  21, 2022.  (ECF No. 37.)  Plaintiff filed a reply on August 1, 2022.  (ECF No. 39.)  Because the

8  Court intends to grant Plaintiff's motion for leave to file a first amended complaint, the Court

9  need not and does not address Defendants' motion for judgment on the pleadings.

10       ## II.   STANDARD OF LAW

11       Granting or denying leave to amend a complaint rests in the sound discretion of the trial

12  court.  *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  When the Court

13  issues a pretrial scheduling order that establishes a timetable to amend the complaint, Federal

14  Rule of Civil Procedure ("Rule") 16 governs any amendments to the complaint.  *Coleman v.*

15  *Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  To allow for amendment under Rule 16,

16  a plaintiff must show good cause for not having amended the complaint before the time specified

17  in the pretrial scheduling order.  *Id.*  The good cause standard primarily considers the diligence of

18  the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

19  Cir. 1992).  "Moreover, carelessness is not compatible with a finding of diligence and offers no

20  reason for a grant of relief."  *Id.*  The focus of the inquiry is on the reasons why the moving party

21  seeks to modify the complaint.  *Id.*  If the moving party was not diligent, then good cause cannot

22  be shown and the inquiry should end.  *Id.*

23       Even if the good cause standard is met under Rule 16(b), the Court has the discretion to

24  refuse amendment if it finds reasons to deny leave to amend under Rule 15(a).  *Johnson*, 975 F.2d

25  _____

26  [1]       Due to the parties' stipulations to amend the Scheduling Order and the resulting Amended
Scheduling Order, the hearing on Defendants' motion was continued from August 5, 2021 to

27  August 25, 2022.  (ECF Nos. 14, 35.)  This hearing was later vacated on the Court's own motion.
(ECF No. 41.)  Additionally, Defendants' motion was not fully briefed until August 22, 2022.

28  (ECF No. 42.)

at 610.  Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires."  The Ninth Circuit has considered five factors in determining whether leave to amend should be given: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint.  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).  The consideration of prejudice to the opposing party carries the greatest weight.  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

###    III.    ANALYSIS

Plaintiff seeks to amend his Complaint to: (1) name Shourong Shi ("Shi") and Telexe, LLC ("Telexe") as defendants; and (2) add claims alleging a violation of California Penal Code § 496 and seeking declaratory relief.  (*See* ECF Nos. 36-1, 36-2.)  Plaintiff argues the Court should grant leave to amend because naming Shi and Telexe would ensure all necessary parties are present in the litigation, the involvement of Shi and Telexe was unknown to Plaintiff when he filed the Complaint, there would be no prejudice to Defendants, and Plaintiff did not move to amend earlier because the parties had been engaged in settlement efforts.  (ECF No. 36-1 at 2, 5–8.)

Defendants oppose Plaintiff's motion to amend and argue Plaintiff's proposed First Amended Complaint ("FAC") is futile and Plaintiff's undue delay in seeking to amend means Defendants would suffer substantial prejudice if Plaintiff's motion were granted.  (ECF No. 37 at 2–3.)

As it appears futility is the most heavily disputed factor, the Court will first address the futility factor before turning to the other factors to be considered.[2]

---

[2]    Rule 16 applies to Plaintiff's motion because the Initial Pretrial Scheduling Order established a deadline for amending the Complaint, absent leave of court and good cause.  (ECF No. 3 at 2.)  No party mentions modifying this deadline in the Initial Pretrial Scheduling Order, nor do they address the good cause standard.  (*See* ECF Nos. 36-1, 37, 39.)  Nevertheless, the Court will construe Plaintiff's motion as a motion to modify the Initial Pretrial Scheduling Order to permit the filing of an amended complaint.  *See Eisenstecken v. Tahoe Reg'l Plan. Agency*, No.

A.    Futility

Defendants argue Plaintiff's first two claims in the proposed FAC are futile, and because they are the only federal claims, all remaining state law claims are subject to dismissal on jurisdictional grounds.  (ECF No. 37 at 2.)  Defendants also assert Plaintiff's third and fourth claims in the proposed FAC are futile and all claims against Mills are futile.  (*Id.* at 7–9.)  In reply, Plaintiff argues his first through fourth claims in the proposed FAC are not futile, and Mills is properly named as a defendant.  (ECF No. 39 at 2–7.)

"A claim is considered futile and leave to amend to add it shall not be given if there is no set of facts which can be proved under the amendment which would constitute a valid claim or defense."  *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 538–39 (N.D. Cal. 2003) (citing *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988)).  "Denial of leave to amend on this ground is rare."  *Id.* at 539; *see also Rivkin v. J.P. Morgan Chase, N.A.*, No. 2:14-cv-02662-TLN-EFB, 2016 WL 6094485, at *2 (E.D. Cal. Oct. 18, 2016) ("[A] court need not deny a plaintiff's motion for leave to amend based on futility alone.").

The Court will address whether Plaintiff's first through fourth claims in the proposed FAC are futile before considering whether all claims against Mills are futile.

i.    *Claim One: Violation of 47 C.F.R. § 52.35*

Defendants assert the first claim is futile because the Federal Communications Commission ("FCC") promulgated 47 C.F.R. § 52.35 and FCC regulations establish that the FCC

---

2:20-cv-02349-TLN-CKD, 2022 WL 956694, at *2 (E.D. Cal. Mar. 30, 2022) (noting the plaintiffs moved to amend under Rule 15(a) despite the existence of a pretrial scheduling order, but construing the plaintiff's motion as a motion to modify the pretrial scheduling order to permit the filing of an amended complaint).

Although not addressed by either party, the Court finds Plaintiff has made a sufficient showing of good cause.  Courts have found good cause when the opposing party has been on notice about the reasons for modifying the scheduling order.  *See Datin v. M/V Sea Quest, Inc.*, No. 07 CV 963 JLS (WVG), 2010 WL 11684782, at *4 (S.D. Cal. June 1, 2010).  Defendants' counsel has been aware of Plaintiff's intent to amend the Complaint and name Shi and Telexe as defendants since at least January 10, 2022.  (ECF No. 39-1 at 2–3.)  Further, as discussed *supra*, the Court does not find amendment of the Complaint would prejudice Defendants.  *See Stockman v. Emu Properties, LLC*, No. 2:19-cv-01778-MCE-DB, 2020 WL 12813472, at *1 (E.D. Cal. June 16, 2020) (noting prejudice is another consideration under good cause).

has exclusive jurisdiction over telephone number portability[3] and the alleged claim.  (ECF No. 37 at 4.)  Defendants also argue that even if the FCC did not have exclusive jurisdiction over the claim, the claim is also futile because Plaintiff does not have a private right of action.  (*Id.* at 5–6.)  Plaintiff responds by arguing the FCC does not have exclusive jurisdiction over his claim, he has a private right of action, and telephone number portability cases have been litigated in federal court.  (ECF No. 39 at 2–6.)

47 C.F.R. § 52.35 concerns the porting of telephone numbers by telecommunications carriers.  In *Toddco, Inc. v. Nextel W. Corp.*, No. 2:04-CV-3, 2005 WL 1174220 (N.D. Ind. Apr. 28, 2005), the court addressed whether the plaintiffs could assert a claim under 47 C.F.R. § 52.31, another FCC regulation concerning telephone number portability.  *Id.* at *3.  The court held that while the FCC has the power to enforce telephone number portability, the plaintiffs could assert a claim to enforce 47 C.F.R. § 52.31 in court because they had a private right of action under 47 U.S.C. § 207.  *Id.* at *4.

47 U.S.C. § 207, part of the Communications Act of 1934, allows a person injured by a violation of 47 U.S.C. § 201(b)[4] to bring a damages action in federal court.  *Glob. Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc.*, 550 U.S. 45, 49, 53 (2007).  In turn, an FCC determination that an alleged practice is unjust and unreasonable is a prerequisite to a claim arising under 47 U.S.C. § 201(b).  *N. Cnty. Commc'ns Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1158–60 (9th Cir. 2010).

In a 2003 FCC order, the FCC "note[d] that a violation of [its] number portability rules would constitute an unjust and unreasonable practice under section 201(b) of the [Communications] Act [of 1934]."  *Telephone Number Portability; CTIA Petitions for Declaratory Ruling on Wireline-Wireless Porting Issues*, 18 F.C.C.R. 23697, 23709 n.76 (2003).

---

[3]     The term telephone number portability concerns the ability of a user to keep the same telephone number when switching telecommunications carriers.  47 C.F.R. § 52.21(m).

[4]     47 U.S.C. § 201(b) provides in relevant part: "All charges, practices, classifications, and regulations for and in connection with such communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful."

1    Therefore, the FCC has stated that a violation of the FCC's number portability regulations is an

2    unjust and unreasonable practice under 47 U.S.C. § 201(b).

3        "Ordinarily, courts will defer consideration of challenges to the merits of a proposed

4    amended pleading until after leave to amend is granted and the amended pleading is filed."

5    *Netbula, LLC*, 212 F.R.D. at 539 (discussing the futility of a claim in a motion to amend).  The

6    Court notes the 2003 FCC order was only identified in Plaintiff's reply.  (*See* ECF No. 39 at 3–4.)

7    Therefore, the Court is without argument from Defendant's opposition about the FCC order and

8    whether it is applicable to Plaintiff's claim.  (*See* ECF No. 37.)  Thus, for purposes of the instant

9    motion to amend, the Court will defer further consideration of Defendants' challenge to the merits

10   of Plaintiff's allegations.  As such, the Court assumes without deciding that the FCC order both

11   constitutes an FCC determination of an unjust and unreasonable practice and it applies to 47

12   C.F.R. § 52.35, in which case the prerequisite to a claim arising under 47 U.S.C. § 201(b) would

13   be satisfied.  Accordingly, the Court cannot determine at this time that there is no set of facts

14   which can be proven under the amendment which would constitute a valid claim for a violation of

15   47 C.F.R. § 52.35.  Therefore, the Court at this time cannot find that amendment would be futile.

16              *ii.*      *Claim Two: Violation of 47 U.S.C. § 201*

17       Defendants argue the second claim is futile because a 47 U.S.C. § 201 claim requires an

18   FCC determination that the alleged practice is unreasonable, but the proposed FAC is devoid of

19   any allegations that the FCC has issued the requisite determination.  (ECF No. 37 at 6–7.)

20   Plaintiff responds by arguing the FCC has determined a violation of telephone number portability

21   obligations is an unjust and unreasonable practice.  (ECF No. 39 at 3–4.)

22       As discussed *infra*, an FCC determination that an alleged practice is unjust and

23   unreasonable is a prerequisite to a claim arising under 47 U.S.C. § 201(b).  *N. Cnty. Commc'ns*

24   *Corp.*, 594 F.3d at 1158–60.  Moreover, the 2003 FCC order states a violation of the FCC's

25   telephone number portability rules would constitute an unjust and unreasonable practice under 47

26   U.S.C. § 201(b).  *Telephone Number Portability*, 18 F.C.C.R. at 23709 n.76.

27       As discussed *infra*, Defendant's opposition contains no discussion of the FCC order

28   because it was first mentioned in Plaintiff's reply.  (*See* ECF Nos. 37, 39.)  Therefore, the Court

1    defers consideration of Defendant's challenge to the merits of Plaintiff's allegations and the Court

2    assumes without deciding that the FCC's order constitutes an FCC determination of an unjust and

3    unreasonable practice, in which case the prerequisite to a claim arising under 47 U.S.C. § 201(b)

4    would be satisfied.  Thus, the Court at this time cannot determine amendment would be futile.

5                     *iii.*        *Claim Three: Violation of California Penal Code § 496*

6            Defendants argue the third claim is futile because it requires property, but as a matter of

7    law neither telephone carriers nor subscribers own their telephone numbers.  (ECF No. 37 at 8–9.)

8    Plaintiff responds by arguing California Penal Code § 496 applies to intangible property and at

9    least one district court in California has held end users have a possessory interest in their

10   telephone numbers.  (ECF No. 39 at 7 (citing *Express Cos., Inc. v. Mitel Techs., Inc.*, No. 12-CV-

11   2818 W(MDD), 2013 WL 5462334, at *8 (S.D. Cal. Sept. 30, 2013)).)

12           California Penal Code § 496(a) "makes receiving or buying property 'that has been

13   obtained in any manner constituting theft' a criminal offense punishable by imprisonment." *Bell

14   v. Feibush*, 212 Cal. App. 4th 1041, 1043 (2013) (quoting Cal Pen. Code § 496(a)).  Moreover,

15   California Penal Code § 496(c) "permits victims of crimes defined in § 496(a) to initiate a civil

16   lawsuit to recover treble the amount of actual damages, costs, and reasonable attorneys' fees."

17   *Allure Labs, Inc. v. Markushevska*, 606 B.R. 51, 57 (N.D. Cal. 2019).

18           At least one district court has allowed a conversion claim concerning telephone numbers

19   to proceed over a motion to dismiss.[5]  *See Express Cos.*, 2013 WL 5462334, at *8 (noting a

20   conversion claim requires ownership or the right of possession of personal property and finding

21   the plaintiff had alleged ownership of the telephone numbers at issue).  In the instant case, the

22   proposed FAC alleges Plaintiff "was assigned exclusive rights to use and control the Telexe

23   Purchased Numbers."  (ECF No. 36-2 at 24–25.)  The proposed FAC also alleges these telephone

24   numbers "were converted by one or more of the UTG Defendants, and otherwise obtained by the

25   UTG Defendants from Finestone without his consent and through misappropriation, theft or

26   _____

27   [5]      The court in *Express Cos.* did not affirmatively rule that telephone numbers are property
     owned by the end users.  *See Express Cos.*, 2013 WL 5462334, at *8.  Due to the procedural
     posture in the instant case, the Court defers consideration of whether telephone numbers are
28   property and assumes without deciding that they can be.

                                                    7

1  extortion and sold to [Shi and Telexe]."  (*Id.* at 25.)  The proposed FAC further alleges Shi and

2  Telexe purchased or received the telephone numbers at a time when they "knew, had reason to

3  know, or otherwise recklessly disregarded that Finestone or some other person or entity was

4  rightfully entitled to exclusive possessory rights" in the telephone numbers.  (*Id.*)  Due to these

5  allegations, the Court at this time cannot determine amendment would be futile.

6                            *iv.     Claim Four: Declaratory Relief*

7          Defendants argue the fourth claim is futile because Plaintiff is without a private right of

8  action and the Declaratory Judgment Act does not by itself confer subject-matter jurisdiction.

9  (ECF No. 37 at 9.)  In reply, Plaintiff argues the fourth claim is not futile because he has a private

10  right of action relating to the telephone number portability requirements.  (ECF No. 39 at 7–8.)

11          As determined *infra*, the Court at this time cannot find Plaintiff's claims relating to the

12  telephone number portability requirements would be futile.  Therefore, the Court cannot also find

13  Plaintiff's declaratory relief claim would be futile.

14                            *v.      All Claims Against Mills*

15          Defendants argue that all claims against Mills are futile because Plaintiff's allegations

16  concern the actions of UTG or UTI and do not concern Mills acting in his individual capacity.

17  (ECF No. 37 at 7–8.)  Defendants argue the allegations relate to Mills acting in his capacity as an

18  employee, member, officer, or director of UTG or UTI, but Mills cannot be held individually

19  liable unless Plaintiff pierces the corporate veil.  (*Id.* at 8.)  Plaintiff responds by arguing federal

20  and California law provide for personal liability when an individual aids or causes a public utility

21  to violate the law.  (ECF No. 39 at 6–7 (citing 47 U.S.C. § 502; Cal. Pub. Util. Code § 2112).)

22  Plaintiff also asserts discovery documents clarify that Mills personally directed some of the acts

23  alleged in the proposed FAC.  (*Id.*)

24          The Court notes the federal and state statutes identified by Plaintiff appear to concern

25  criminal liability, as opposed to providing for civil liability.  *See City of Ellensburg v. King*

26  *Videocable Co.*, No. CY-93-3124-AAM, 1993 WL 816526, at *4 n.12 (E.D. Wash. Dec. 20,

27  1993) (noting 47 U.S.C. § 502 provides a criminal penalty for violation of certain FCC

28  regulations); *San Diego Gas & Elec. Co. v. Superior Ct.*, 13 Cal. 4th 893, 916 (1996) (noting

1   California Public Utilities Code § 2112 provides for criminal prosecutions).  Nevertheless, the

2   Court at this time cannot find there is no set of facts which can be proven under the proposed

3   FAC which would constitute a valid claim against Mills in his individual capacity.  Therefore, the

4   Court at this time cannot determine amendment would be futile.

5       In sum, the Court finds the futility factor weighs in favor of granting leave to amend.[6]

6               B.    <u>Bad Faith</u>

7       Defendants do not reference bad faith nor do they assert any bad faith on Plaintiff's part in

8   his motion to amend.  (*See* ECF No. 37.)  Therefore, the Court finds this factor to be neutral.

9               C.    <u>Undue Delay</u>

10       Plaintiff asserts he did not move to amend his complaint earlier because the parties were

11   engaged in settlement efforts and the parties also stipulated multiple times to amending the

12   Scheduling Order.  (ECF No. 36-1 at 7.)  In opposition, Defendants assert Plaintiff knew of the

13   facts and theories to be raised in the proposed FAC in 2020.  (ECF No. 37 at 10–11.)  Defendants

14   argue that while they stipulated to amending the Scheduling Order, their counsel made clear

15   Defendants would not stipulate to Plaintiff seeking leave to amend.  (*Id.* at 11–12.)  In reply,

16   Plaintiff asserts the parties agreed to put litigation efforts on hold in an attempt to settle, and these

17   settlement efforts continued through January 2022.  (ECF No. 39 at 8.)  Plaintiff argues his

18   counsel began efforts to obtain consent from Defendants to amend the Complaint starting in

19   January 2022 and these efforts continued until June 2022.  (*Id.* at 9.)

20       In evaluating undue delay, courts consider whether there was an unreasonable delay

21   between the time the movant obtained a relevant fact and when the movant sought leave to

22   amend.  *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (noting

23   an eight-month delay has been held unreasonable).  "Undue delay by itself, however, is

24   insufficient to justify denying a motion to amend."  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir.

25   1999).

26   ///

27

28

---

[6]     To the extent there may be apparent deficiencies in Plaintiff's proposed FAC, Plaintiff may attempt to cure those deficiencies prior to filing his FAC.

The reply declaration from Plaintiff's counsel indicates Plaintiff was able to identify Shi and Telexe as defendants to be named upon Plaintiff obtaining certain text messages through discovery. (ECF No. 39-1 at 2.) However, the declaration of Defendants' counsel indicates Defendants produced the same text messages to Plaintiff on September 1, 2020. (ECF No. 37-1 at 2.) Moreover, Plaintiff filed his motion to amend on July 7, 2022. (ECF No. 36.) Thus, it appears Plaintiff knew or should have known that he would name Shi and Telexe as defendants for approximately twenty-two months before he filed his motion.

While Plaintiff asserts he did not file his motion earlier because of settlement efforts and then his attempts to have Defendants stipulate to amendment, Plaintiff's counsel's declaration states the settlement efforts began in August 2021. (ECF No. 36-2 at 6.) Therefore, almost a year elapsed between when Plaintiff received the relevant text messages in September 2020 and when settlement efforts began in August 2021. The Court therefore finds this factor weighs in favor of denying leave to amend.

           D.     <u>Prejudice to the Opposing Party</u>

Defendants argue granting amendment will subject them to indefinite delay as the new parties will "almost certainly require extensive amounts of time" to conduct discovery and challenge the pleadings, which also increase Defendants' litigation costs. (ECF No. 37 at 10–11.) Defendants also note their motion for judgment on the pleadings has been pending and if Plaintiff amends the Complaint, then Defendants would likely have to revise and refile their motion. (*Id.* at 11.) In response, Plaintiff asserts Defendants have been aware of the strategy of adding Shi and Telexe as defendants. (ECF No. 39 at 8.) Plaintiff also argues Defendants already have documentation of Shi and Telexe's conduct alleged in the proposed FAC, thereby reducing the need for Defendants to engage in additional discovery. (*Id.* at 9.) Plaintiff further asserts he would stipulate to amending the Scheduling Order to allow for additional discovery limited to Shi and Telexe's addition as defendants. (*Id.*)

"Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1177 (E.D. Cal. 2013). "Prejudice is generally

1    mitigated where the case is still in the discovery stage, no trial date is pending[,] and no pretrial

2    conference has occurred." *Calderon v. Tulare Reg'l Med. Ctr.*, No. 1:17-cv-0040-BAM, 2018

3    WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018) (citing *DCD Programs Ltd. v. Leighton*, 833 F.2d

4    183, 187–88 (9th Cir. 1987)); *see also Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d

5    980, 986 (9th Cir. 1999) (noting a need to reopen discovery and therefore delay proceedings

6    supports a finding of prejudice).

7         While Defendants argue that amendment will require they conduct a "substantial amount"

8    of new discovery which will increase their litigation costs (ECF No. 37 at 10), Defendants

9    otherwise fail to quantify the potential cost or scope of the additional discovery.  *See Larios v.*

10   *Nike Retail Servs., Inc.*, No. 11cv1600-GPC-NLS, 2013 WL 4046680, at *4 (S.D. Cal. Aug. 9,

11   2013).  Additionally, the Court does not find amendment will diminish Defendants' ability to

12   respond to the amended pleading when Defendants' counsel has been aware of Plaintiff's intent

13   to amend the Complaint and name Shi and Telexe as defendants since at least January 10, 2022.

14   (ECF No. 39-1 at 2–3.)

15        Further, amendment would not necessitate reopening discovery.  The factual discovery

16   cut-off is October 25, 2022.  (ECF No. 35.)  Moreover, no trial date is pending and no pretrial

17   conference has occurred.

18        While Defendants filed their motion for judgment on the pleadings before Plaintiff filed

19   his motion to amend, this fact alone is not dispositive for prejudice.  *See Lopez v. Youngblood*,

20   No. 1:07-cv-0474 DLB, 2009 WL 900727, at *2–3 (E.D. Cal. Mar. 31, 2009) (granting a motion

21   to amend even though the motion was filed after the defendants filed their motions for summary

22   adjudication); *Zoe Mktg., Inc. v. Impressns, LLC*, No. 14cv1881 AJB (WVG), 2015 WL

23   12216340, at *3 (S.D. Cal. Apr. 9, 2015) ("Existence of a pending motion, even a potentially

24   dispositive motion, does not necessarily constitute prejudice sufficient to deny leave to amend.").

25   To the extent Defendants will experience any prejudice from having to revise and refile their

26   motion for judgment on the pleadings, the Court finds it is mitigated by the law and motion cut-

27   off not occurring until December 12, 2022.  (ECF No. 35.)

28        In sum, the Court finds this factor weighs in favor of granting leave to amend.

E.    Previous Amendments to the Complaint

Plaintiff has not previously amended the Complaint.  Therefore, this factor weighs in favor of granting leave to amend.

**IV.    CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion for Leave to File a First Amended Complaint.  (ECF No. 36.)  Plaintiff may file his First Amended Complaint not later than fourteen (14) days from the electronic filing date of this Order.  Defendants shall file a responsive pleading not later than twenty-one (21) days after the electronic filing date of the First Amended Complaint.  Defendants' Motion for Judgment on the Pleadings (ECF No. 14) is DENIED as moot.

**DATED:  September 21, 2022**

Troy L. Nunley
United States District Judge