1  **iCommLaw**
   Anita Taff-Rice, Esq. (SBN 186039)
2  1547 Palos Verdes #298
   Walnut Creek, CA 94597
3  Tel: (415) 699-7885
   Fax: (925) 274-0988
4  anita@icommlaw.com
   Attorneys for Plaintiff
5  JONATHAN FINESTONE

6  DOWNEY BRAND LLP
   SEAN J. FILIPPINI (SBN 232380)
7  Email:  sfilippini@downeybrand.com
   DUSTIN M. AMREIN (SBN 304561)
8  Email: damrein@downeybrand.com
   621 Capitol Mall, 18th Floor
9  Sacramento, California 95814
   Telephone:    916.444.1000
10 Facsimile:    916.444.2100

11 Attorneys for Defendants
   UTILITY TELECOM GROUP, LLC, UTILITY
12 TELEPHONE, INC., and JASON MILLS

13

14              **UNITED STATES DISTRICT COURT**

15      **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

16

17 JONATHAN FINESTONE,                    Case No. 2:20-cv-00230-TLN-KHN

18          Plaintiff,                    **SUPPLEMENTAL STIPULATION TO
                                          PROTECTIVE ORDER GOVERNING**
19      v.                                **CONFIDENTIAL INFORMATION**

20 UTILITY TELECOM GROUP, LLC,            Judge:  Hon. Troy Nunley
   UTILITY TELEPHONE, INC.,
21 JASON MILLS, and DOES 1-10,

22          Defendants.

23

24

25

26

27

28

DOWNEY BRAND LLP

DOWNEY BRAND LLP

1    Pursuant to Federal Rule of Civil Procedure 26(c), Local Rule 141, and Section 10 of the

2    existing Stipulated Protective Order Plaintiff JONATHAN FINESTONE ("Plaintiff") and

3    Defendants UTILITY TELECOM GROUP, LLC, UTILITY TELEPHONE, INC., and JASON

4    MILLS ("Defendants") by and through their respective counsel of record hereby stipulate to

5    modify the Protective Order entered July 8, 2020.  [Dkt. 9].  Except for the modifications

6    identified herein, all other terms of the existing Protective Order remain unchanged.

7    SECTION 2

8    The parties agree to modify Section 2 of the Protective Order to add a designation for

9    production of "ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL," in connection with

10   discovery, pretrial activities, trial, and post-trial activities including appeals, in the above

11   captioned case ("Action").  "ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL " is

12   information (regardless of how it is generated, stored, or maintained) or tangible things that a party

13   in good faith believes not to be in the public domain and that reveals or reflects: (i) highly

14   sensitive trade secrets, intellectual property, proprietary technical information, and research and

15   development information, (ii) highly sensitive business, financial, or marketing information; or

16   (iii) such other documents, information, or materials that a party reasonably believes is entitled to

17   extraordinary protection or is of such nature and character that the unauthorized disclosure of such

18   information is likely to substantially harm the competitive or economic position of the party or

19   provide improper advantage to others.

20   SECTION 3

21   The parties agree to modify Section 3 of the Protective Order to add the following:

22   "The acceptance by a Party of material marked as "ATTORNEYS' EYES ONLY –

23   HIGHLY CONFIDENTIAL" shall not constitute an admission or concession or permit an

24   inference that such designation is appropriate.  However, material marked as "ATTORNEYS'

25   EYES ONLY – HIGHLY CONFIDENTIAL"  shall be treated as designated unless the Parties

26   follow the procedures set forth below to remove, change or otherwise declassify the designation.

27   The challenging party shall initiate the dispute resolution process by providing written

28   notice of each designation it is challenging and describing the basis for each challenge.  Written

DOWNEY BRAND LLP

notice must be emailed **and mailed** to the designating Party.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  A challenge may be made at any time.   In conferring, the challenging party must explain the basis for its belief that the "ATTORNEYS' EYES ONLY – HIGHLY CONFIDENTIAL" designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the designating party has not participated in the meet-and-confer process within ten (10) business days.

A challenging party may, but is not obligated to, elect to pursue a challenge to a "ATTORNEYS' EYES ONLY – HIGHLY CONFIDENTIAL" designation, after considering the justification offered by the designating Party during the meet-and-confer process, by filing and serving a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the challenge to the  designation.  In the event such a challenge is made,  it shall be the obligation of the producing Party or non-party to file and serve an appropriate motion to the United States District Court for the Eastern District of California (the "Court"), no later than sixty (60) business days after the conclusion of the ten (10) business day period, requesting the Court to retain the ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL designation under Local Rule 140 (and in compliance with Local Rule 141, if applicable). Until the Court rules on the challenge,  all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation, in accordance with the Protective Order.

The failure to challenge a designation of material as "ATTORNEYS' EYES ONLY – HIGHLY CONFIDENTIAL" shall not be deemed an admission, concession, or permit an inference that such designation is appropriate."

SECTION 4

The parties further agree to modify Section 4 of the Protective Order to add the following:

"Material designated and produced as ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL may only be used to prosecute or defend this action and shall not be disclosed to (nor the content discussed with) anyone other than the following persons:

(a) attorneys of record for the receiving party, their support staff, and their vendors (e.g., court reporters; videographers; copying and document management service providers; translators; jury consultants; as well as graphics, animation, and demonstrative exhibit service providers);

(b) experts, investigators, or consultants (collectively "Experts") engaged by the receiving party or its attorneys to assist and/or testify in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing **Exhibit B**;

(c) the Court, its clerks and employees, and any court reporter retained to record proceedings before the Court in which event such information shall be filed under seal (as set forth in Section 8 of the Protective Order);

(d) any alternative dispute resolution representative who is assigned or requested by the parties to hear this matter and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order."

Nothing in this stipulation may be construed to waive any party's right to challenge the "ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL" or Confidential" designation of any materials produced."

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  October 14, 2022                    iCommLaw



                                    By:   _____*/S/ Anita Taff-Rice*_____
                                              Anita Taff-Rice
                                    Attorneys for Plaintiff JONATHAN FINESTONE

DOWNEY BRAND LLP

1  DATED:  October 14, 2022            DOWNEY BRAND LLP

2

3                                                 By:    /S/ Dustin M. Amrein

4                                                          Sean J. Filippini
                                                           Dustin M. Amrein
5                                            Attorneys for Defendants UTILITY TELECOM
                                                 GROUP, LLC, UTILITY TELEPHONE, INC.,
6                                                          and JASON MILLS

7

8  PURSUANT TO STIPULATION, IT IS SO ORDERED.

9  Dated:  October 18, 2022

10

11                                                _____

12    fine.230                             KENDALL J. NEWMAN
                                                 UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOWNEY BRAND LLP

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**

|  |  |
|---|---|
| JONATHAN FINESTONE, | Case No. 2:20-cv-00230-TLN-KHN |
| *Plaintiff,* | **SUPPLEMENTAL STIPULATION TO PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |
| v. | |
| UTILITY TELECOM GROUP, LLC, UTILITY TELEPHONE, INC., JASON MILLS, and DOES 1-10, | Judge: Troy L. Nunley |
| *Defendants*. | |

I, _____, hereby acknowledge that, as a non-party to the Protective Order ordered by the Court in the above-captioned case, I am about to receive documents information designated as "ATTORNEYS' EYES ONLY – HIGHLY CONFIDENTIAL" under the Protective Order.

I certify my understanding that "ATTORNEYS' EYES ONLY – HIGHLY CONFIDENTIAL" information is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective Order.  I hereby agree to be bound by the terms of the Protective Order.  I clearly understand that the "ATTORNEYS' EYES ONLY – HIGHLY CONFIDENTIAL"  information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

I will return on request all materials containing "ATTORNEYS' EYES ONLY – HIGHLY CONFIDENTIAL" information, copies thereof, and notes that I have prepared relating thereto, to outside counsel for the party to the litigation by whom or on whose behalf I am retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

1832445v5

1

I make the above statements under penalty of perjury.

2

3

    Date: _____

4

    City where sworn and signed: _____

5

    Printed name: _____

6

    Signature: _____

7

    Address:  _____

8

              _____

9

              _____

10

              _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28