iCommLaw
ANITA TAFF-RICE, SBN 186039
1547 Palos Verdes #298
Walnut Creek, CA 94597
Telephone: (415) 699-7885
Facsimile: (925) 274-0988
Email: anita@icommlaw.com

Attorneys for Plaintiff
   JONATHAN FINESTONE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| JONATHAN FINESTONE,<br><br>*Plaintiff,*<br><br>v.<br><br>UTILITY TELECOM GROUP, LLC<br>UTLITY TELEPHONE, INC.,<br>JASON MILLS, TELEXE LLC,<br>SHOURONG SHI,<br>AND DOES 1-10<br><br>*Defendants* | CASE NO. 2:20-CV-00230-TLN-KHN<br><br>NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT<br><br>Date: December 19, 2022<br>Time: 9 a.m.<br>Courtroom: 25 |

TO ALL PARTIES AND THEIR COUNSEL:

PLEASE TAKE NOTICE that on December 19, 2022, in Courtroom 25 or other courtroom as the Court may determine to be appropriate, located at 501 I Street, Sacramento, CA 95814, Plaintiff Jonathan Finestone ("Finestone" or "Plaintiff"), will seek entry of a judgment by default against the Defendants, Telexe LLC ("Telexe"), and Shourong Shi ("Shi"), (collectively the "Telexe Defendants") for the return of the Telexe Purchased Numbers (Amended Compl. at ¶ 84). The basis for Finestone's Motion for Default Judgment is an entry of default against the Telexe Defendants, which entitles Finestone to move for a default judgment for the requested relief. Fed. Rule Civ. Proc. 55(b)(2). This Motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the declaration of Anita Taff-Rice, declaration of

Jonathan Finestone and declaration of Duane Hamilton, the record in this case and further evidence and argument that may be presented at or before the hearing on this matter.

**BACKGROUND**

On January 30, 2020, Jonathan Finestone ("Plaintiff" or "Finestone") filed a Complaint against Utility Telecom Group, LLC ("UTG"), Utility Telephone, Inc. ("UTI"), Jason Mills, (collectively "UTG Affiliates" or "UTG Defendants"), and unknown individual, corporate or affiliated entities, Does 1-10. After discovery, Finestone became aware of the Telexe Defendants' purchase or receipt of four telephone numbers that were assigned to Finestone prior to 2015, (Amended Compl. at ¶3). Finestone did not surrender or otherwise consent to the re-assignment or the four improperly purchased numbers: 213-888-8888, 310-788-8888, 213-888-8000, and 949-277-7777 (the "Telexe Purchased Numbers"). (Amended Compl. at ¶85). The Telexe Defendants purchased the four numbers with a bag of cash at a meeting at a hotel in Los Angeles. (Amended Compl. at ¶84-85).

The Telexe Defendants knew, had reason to know, or otherwise recklessly disregarded that Finestone or some other person or entity was rightfully entitled to exclusive possessory rights in the Telexe Purchased Numbers. (Compl. at ¶116). Despite knowledge that the Telexe Purchased Numbers were assigned to Finestone for his exclusive use, the Telexe Defendantshave refused to return the Telexe Purchased Numbers to Finestone and have instead continued to withhold from Finestone the rightful use of his exclusive rights to said numbers. (Compl. at ¶117).

Finestone sought and was granted leave by this court to Amend the Complaint to add the Telexe Defendants. (Dkt 43). On October 6, 2022, pursuant to this Court's order granting leave to amend, Finestone filed the First Amended Complaint adding the Telexe Defendants. Finestone seeks return of the four telephone numbers that have been released to the Telexe Defendants, and declaratory judgment that Finestone has a superior and exclusive right to the use of the Telexe Numbers. (Compl. at ¶120). The Telexe Numbers are unique so no monetary award will be adequate to compensate Finestone. (Compl. at ¶120). The Telexe Purchased Numbers are unique, and for reasons noted in the First Amended Complaint at ¶¶111 – 120 and

sections C.3 and D *infra*, only the return of the Telexe Numbers to Finestone will reasonably compensate Plaintiff. (Cal. Civ. Code § 3300).

Plaintiff's Amended Complaint alleges Finestone is being harmed by UTG Defendant's sale and re-assignment of the four telephone numbers to the Telexe Defendants as well as the Telexe Defendants' refusal to return the telephone numbers to Finestone despite notice that Finestone had not consented to relinquish the numbers and had the continuing right to utilize such telephone numbers. (Compl. at ¶1 and 117).

Prior to filing the First Amended Complaint, counsel for Finestone notified Telexe Defendants in writing, in June and July 2020, that the right to use or control the Telexe Purchased Numbers were disputed and disclosed that the Telexe Purchased Numbers were included in the subject of this lawsuit. (Compl. at ¶88). Despite the Telexe Defendants' receipt of this notice, the Telexe Defendants have refused to return the Telexe Purchased Numbers to Finestone and have instead continued to withhold from Finestone the right use of his exclusive possessory rights thereto. (Compl. at ¶90).

On October 10, 2022, the First Amended Complaint and Summons were served on the UTG Defendants via ECF and were also served in person via a process server on Shi and Telexe LLC at the address of 4849 Willard Avenue, Rosemead, CA 91770. (Taff-Rice Declaration at ¶3). Mr. Shi, who is the registered agent for service of process on Telexe, accepted service on behalf of himself and Telexe, Inc. (Taff-Rice Affidavit at ¶4). On October 19, 2022, the Proof of Service for the First Amended Complaint and Summons on Shi and Telexe were filed with the court. (Dkt. Nos. 54 and 55). The deadline for the Telexe Defendants to file a response to the First Amended Complaint was November 1, 2022. No response was filed by either Shi or Telexe.

On November 7, 2022, Plaintiff applied to the Clerk of Court pursuant to FRCP 55(a) to enter a default against Defendant on the basis that Defendant had failed to plead or otherwise defend against the complaint. (Dkt. Nos. 57 and 58). Finestone served the Telexe Defendants with copies of the request for entry of default via U.S. Certified Mail and provided a courtesy copy at an email address believed to be used by Shi. (Taff-Rice Decl., at ¶5).  `

On November 7, 2022, someone using the courtesy email address and purporting to be Mr. Shi emailed Plaintiff's counsel stating that Shi was attempting to retain counsel. As of the date of this Motion, however, neither Mr. Shi nor anyone representing him or Telexe has communicated further with Plaintiff's counsel. (Taff-Rice Decl., at ¶6). On November 8, 2022, the Court's Clerk entered a notice of default against Shi and Telexe.

Finestone seeks return of the Telexe Numbers wrongfully purchased from the UTG Defendants. Specifically, Finestone seeks an order of this Court finding that the Telexe Defendants have no legal claim or interest in the Telexe Numbers and directing Shi, Telexe and the UTG Defendants to take all necessary steps to return the Telexe Purchased Numbers to Finestone by porting them to a carrier of Mr. Finestone's choice within 7 days of the date of an order of default entered by this Court.

## ANALYSIS

**A.    Jurisdiction and Service of Process**

*1.    Subject Matter and Personal Jurisdiction*

In determining whether to enter a default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Plaintiff has shown that the Court has subject matter jurisdiction over this dispute under the Federal Telecommunications Act ("FTA") Pub. Law No. 104-104, 110 Stat. 56 (1996), 47 U.S.C. § 151 *et seq.*, for which the FTA provides an explicit private right of action in federal court (47 U.S.C. §§206, 207, 251, 502), and because defendants violated the FCC's orders on number portability, which the FCC determined is an unjust and unreasonable practice under 47 U.S.C. §201(b). Therefore, this matter involves a federal question, and as such this Court has subject matter jurisdiction over this case.

Plaintiff has also shown that this Court has personal jurisdiction over Defendants. Personal jurisdiction exists when the Defendant is domiciled in the jurisdiction. Both Shi and Telexe are domiciled in California, and Telexe is a California corporation. (Amended Compl. at ¶15). Further, "[a] federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant "who is subject to the jurisdiction of a court

of general jurisdiction in the state where the district court is located." Fed. Rule Civ. Proc. 4(k)(1)(A). *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Both Shi and Telexe were personally served at an address in California.

Finestone has demonstrated that the Telexe Defendants have "'certain minimum contacts'" with the forum "'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Mulato v. Wells Fargo Bank, N.A.,* 76 F. Supp. 3d 929, 943 (N.D .Cal. 2014) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). The initial assignment of the Telexe Numbers to Finestone occurred in California. (Compl. at ¶32, 33). Defendant Telexe is a California corporation with its principal place of business in California. (Amended Compl. at ¶15). Defendant Shi resides at an address in California. (Amended Compl. at ¶14). The Telexe Defendants purchased the Telexe Numbers at a location in California. (Amended Compl. at Exhibit G). Thus, the operative events leading to the Amended Complaint took place in California.

Additionally, Plaintiff has a private right of action to bring a claim under 47 U.S.C. §§ 206 and 207 for violations of 47 C.F. R. § 52.35 (number porting intervals), 47 U.S.C. § 201 (unjust and unreasonable conduct) and 47 U.S. C. § 251 (number portability requirement) because the Federal Communications Commission ("FCC") has declared that violations of number portability rules, including specifically failure of wireline carriers to port numbers within the required four business day timeframe is an unjust and unreasonable practice under 47 U.S.C. §201 . In re Tel. No. Portability, MEMORANDUM OPINION AND ORDER AND FURTHER NOTICE OF PROPOSED RULEMAKING, Opinion, 18 FCC Rcd 23697, 23709, 23712-23713,2003 FCC LEXIS 6249, *36, FCC 03-284, ¶29, n. 76 (F.C.C. November 7, 2003) ("2003 Number Portability Order").

Plaintiff also has a private right of action to bring a claim for violation of 47 U.S.C. 251 because failing to provide number portability is a direct violation of Section 251(b) and 47 USC § 153(30). A direct violation of the FTA creates a private right of action under section 207. *Metrophones Telecomm., Inc. v. Global Crossing Telecomm., Inc.*, (9th Cir. 2005) 423 F.3d 1056, 1063-64 ("We recognized in Greene that any person who suffers damages as a

result of a common carrier's violation of a "provision of this chapter" -- that is, of the Communications Act, 47 United States Code, Chapter 5 -- may seek recovery of those damages in federal court under 47 U.S.C. §§ 206 and 207).

The Court has jurisdiction to grant injunctive relief and direct the return of Mr. Finestone's local and toll-free numbers pursuant to 47 U.S.C. 401(b) and order the Telexe Defendants to return the Telexe Purchased Numbers.

The Court has jurisdiction to grant equitable remedies as damages pursuant to Section 47 U.S.C. §207 or pursuant to equitable state law theories of replevin or reparations and order the Telexe Defendants to return the Telexe Purchased Numbers.

Venue is proper in this District "Because all defendants are California residents, venue is proper in any district where one defendant resides. 28 U.S.C. § 1391(b)(1)." *Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.*, No. CV 12-06972 DMG (JEMx), 2012 U.S. Dist. LEXIS 195577, at *5-6 (C.D. Cal. Oct. 5, 2012). Federal court jurisprudence is clear that if only one defendant is a resident of or domiciled in the venue where the complaint was filed, then regardless of where the other defendants reside, venue is proper. *Id*. (See also, *Nat'l Grange of the Order of Patrons of Husbandry v. Hemp Grange*, No. 1:20-cv-00600-CL, 2021 U.S. Dist. LEXIS 177256, at *10 (D. Or. Aug. 23, 2021), where that court found both that venue was proper under 28 U.S.C. § 1391(b)(1) and granted plaintiff's motions for default judgment and attorney fees for failure to respond or appear).

Here, UTG Defendants are domiciled in the Eastern District and are co-defendants with the Telexe Defendants. (Amended Compl. at ¶6 and 7). The Telexe Defendants and the UTG Defendants conducted business together by conspiring to purchase the Telexe Purchased Numbers, despite knowledge of at least the UTG Defendants at the time of Finestone's superior claim to the Telexe Purchased Numbers. (Amended Compl. at ¶85). However, given the circumstances of the purchase of the phone numbers, a bag of $25,000 in cash delivered from the Telexe Defendants to a UTG Defendant late at night at a hotel in Los Angeles, it would appear that Telexe Defendants either knew or had reason to know that the Telexe Purchased Numbers were owned by someone else. (Amended Compl. at ¶85). Thus, Telexe Defendants

are proper defendants in this case, and because their co-defendants, the UTG Defendants, reside and are domiciled in the Eastern District, venue here is proper.

2.   *Service of Process*

Federal Rule of Civil Procedure ("FRCP") 4(h) permits service upon a Defendant "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(h)(1)(B). Service may also be effected by any method authorized under the law of the state in which the district court is located, in this case California. Fed.R.Civ.P. 4(h)(1)(A). "Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc*., 840 F.2d 685, 688 (9th Cir.1988) (*citations and quotations omitted*).

Here, both Shi in his individual capacity and as the agent for service of process for Telexe were served in person by a process server.  (Taff-Rice Decl., at ¶3).  As such, the service of process on the Telexe Defendants was sufficient and proper.

**B.   Legal Standard**

"Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a)." *Commer. Credit Grp. Inc. v. SHR Transp., Inc.*, No. 2:21-cv-01020 JAM AC, 2022 U.S. Dist. LEXIS 188198, at *7 (E.D. Cal. Oct. 13, 2022). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.3d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)); *see* Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, "[t]he district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980), *Draper v. Coombes*, 792 F.2d 915, 924 (9th Cir.1986); *see also Kingvision Pay–Per–View, Ltd. v. Rivers*, 2000 WL 356378, *1 (N.D. Cal. Mar. 28, 2000).

In deciding whether to grant a motion for default judgment, the Court examines: (1) the possibility of prejudice to the plaintiff; (2) the sufficiency and merits of plaintiff's substantive claim; (3) the sum of money at stake in the action; (4) the possibility of a dispute concerning material facts; (5) whether the default was due to excusable neglect; and (6) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Ohio Cas. Ins. Co. v. James In Wung Park* (N.D. Cal. Dec. 21, 2015, No. 15-cv-02716-DMR) 2015 U.S. Dist. LEXIS 174024 (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986).

As a general rule, once default is entered, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). This is sufficient to establish a defendant's liability. However, the allegations of the complaint regarding the amount of damages suffered are not controlling." *Kingvision Pay–Per–View, Ltd. v. Backman, et. al.*, 102 F.Supp.2d 1196, 1197 (N.D.Cal.2000); *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977)).

Finally, where a default judgment is granted, the scope of relief is limited to the pleadings. "A default judgment must not be different in kind from, or exceed in amount, what is demanded in the pleadings." Fed.R.Civ.P. 54(c). In his complaint, Plaintiff sought return of the Telexe Purchased Numbers and a declaratory ruling that Finestone has a superior and exclusive possessory interest in the Telexe Purchased Numbers, thus his requested relief falls within the scope of the pleadings in this case. (Amended Compl., at ¶¶4, 139, 198, 204).

**C. Application to the Case at Bar**

*1. Prejudice to Plaintiff*

Under the first *Eitel* factor, the Court must examine whether Plaintiff will suffer prejudice if default judgment is not granted because Plaintiff otherwise has no means to recover the loss suffered. *Eitel*, 782 F.2d at 1471–72; *Pepsico, Inc.*, 238 F. Supp. 2d at 1177. Here, the Telexe Defendants acquired the Telexe Purchased Numbers from the UTG Defendants for a bag of cash. (Compl., at ¶85, 185). The Telexe Defendants knew or should have known that under federal law, telephone numbers may not be sold or purchased.

The Telexe Purchased Numbers are premium numbers, meaning that they spell a word or have repeating digits, making them especially easy to remember and therefore have substantial value as a marketing tool. (Compl., at ¶34). Further, each of the Telexe Purchased Numbers is unique and may be used by only one user on an exclusive basis. (First Amended Compl., at ¶49). Finestone had put the Telexe Purchased Numbers into use and intended to continue using them until the UTG Defendants wrongfully disconnected Finestone's equipment from the UTG network and seized the numbers. Finestone will be prejudiced and has no other way to correct the harm of being unable to use the Telexe Purchased Numbers except to recover those exact numbers. So long as Shi and/or Telexe assert a claim on the Telexe Purchased Numbers, Finestone is foreclosed from using the numbers. No other telephone number is a sufficient substitute for the Telexe Purchased Numbers. Finestone is unable to use the numbers to conduct business, and therefore is being harmed.

If the Court were to decline to enter Plaintiff's Motion for Default Judgment, Plaintiff would be greatly prejudiced, as Plaintiff "will likely be without other recourse for recovery." *PepsiCo,* 238 F.Supp.2d, at 1177. Further, delay or failure of Plaintiff's securing a judgment decreases or eliminates the ability of Plaintiff to recover the amounts due from Defendant. Thus, the first *Eitel* factor therefore supports the granting of default judgment.

*2. Sufficiency of the Complaint and Likelihood of Success on the Merits*

The second and third *Eitel* factors address the probability of the plaintiff succeeding on the merits of Plaintiff's substantive or underlying claim as set forth in the complaint. *Walters v. Statewide Concrete Barrier, Inc.*, No. C 04-2559 JSW (MEJ), 2005 U.S. Dist. LEXIS 49433, at *7-8 (N.D. Cal. Sep. 2, 2005) (*Walters*) ("A party seeking default judgment must state a valid claim upon which it may recover."). The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment.

Finestone sought return of the Telexe Purchased Numbers as injucntive relief pursuant to 47 U.S.C. 401(b) and in the alternative as equitable relief pursuant to Section 47 U.S.C. §207

or pursuant to equitable state law theories of replevin or reparations. Replevin, also referred to as "Claim and delivery," is "a method of recovering property that is wrongfully being withheld by another." *Trans Pacific Nat. Bank v. UBS AG*, 2010 WL 2354165, at *4 (N.D. Cal. June 9, 2010); see *Penske Truck Leasing Co., L.P. v. I-10 Towing & Recovery, Inc.*, 2019 U.S. Dist. LEXIS 38787, 2019 WL 6736905, at *3 (C.D. Cal. Mar. 11, 2019). "Claim and delivery is not a separate action but is a remedy that permits a prevailing party to recover both specific property and incidental damages." *Xerox Corp. v. AC Square, Inc.*, 2016 WL 5898652, at *3 (N.D. Cal. Sept. 1, 2016) (emphasis added). This remedy is available in actions for the code-based cause of action Recovery of Specific Personal Property, such as this one." *Commer. Credit Grp. Inc. v. SHR Transp., Inc.*, No. 2:21-cv-01020 JAM AC, 2022 U.S. Dist. LEXIS 188198, at *9 (E.D. Cal. Oct. 13, 2022).

Plaintiff has alleged that the Telexe Defendants improperly purchased the Telexe Purchased Numbers, for which Finestone has a superior possessory interest. On or about February 1, 2019, Finestone instructed a new telecommunications carrier, Onvoy, to submit a port request to Defendants to port Finestone's numbers its network ("Onvoy Port Request"). (Amended Compl. at ¶83). The UTG Defendants rejected the Onvoy Port Request. After Finestone continued to attempt to resolve the dispute about porting the Finestone Numbers, the UTG Defendants ceased all communications with Finestone. (Amended Compl. at ¶83). On information and belief, the UTG Defendants or their employee entered into discussions in or around July or August 2019 with Telexe Defendants the Telexe Purchased Numbers. (Amended Compl. at ¶84).

On information and belief, Shi and Telexe ultimately agreed to purchase the Telexe Purchased Numbers for $25,000 and delivered to an agent of the UTG Defendants a bag of cash for that purchase price.[1] (Amended Compl. at ¶85). In return, Finestone is informed and believes, and on that basis alleges, that the UTG Defendants released the Telexe Purchased Numbers to Telexe and Shi, without providing notice or obtaining consent from Finestone to

---

[1] Declassified pursuant to protective order. See Taff-Rice Declaration at ¶39 to 42.

release the number. (Amended Compl. at ¶85). On information and belief, this transaction was consummated in August or September 2019. (Amended Compl. at ¶86).

In June and July 2020, counsel for Finestone notified Telexe and Shi in writing that the right to use or control the Telexe Purchased Numbers were disputed and disclosed that the Telexe Purchased Numbers were included in the subject of this lawsuit. (Amended Compl. at ¶88). Even after Telexe and Shi were notified by Finestone's representative that the Telexe Purchased Numbers were in dispute, Telexe and Shi continued to withhold the Telexe Purchased Numbers from Finestone and refused to return them to Finestone for his use. (Amended Compl. at ¶89). Despite the Telexe Defendants' receipt of this notice, the Telexe Defendants have refused to return the Telexe Purchased Numbers to Finestone and have instead continued to withhold from Finestone the right use of his exclusive possessory rights thereto. (Amended Compl. at ¶90). Finestone discovered that one of the Telexe Purchased Numbers was posted on a public website for sale. (Amended Compl. at ¶91). Telexe or Shi posted the number for sale. (Amended Compl. at ¶91). Telexe and Shi purchased the four telephone numbers at issue for a bag of cash. (Amended Compl. at ¶185).

Finestone was assigned exclusive rights to use and control the Telexe Purchased Numbers no later than 2015 and exercised those rights consistently at all times relevant to the claims herein. (Amended Compl. at ¶112). Finestone did not consent to the transfer or assignment of his numbers to Telexe or Shi. (Amended Compl. at ¶112).

The Telexe Purchased Numbers were maintained by the UTG Defendants for use by Finestone, but UTG Defendants did not own the Telexe Purchased Numbers. *In the Matter of Toll-Free Service Access Codes* (2005) 20 FCC Rcd 15089, ¶4. (Amended Compl. at ¶113). The Telexe Purchased Numbers were converted by one or more of the UTG Defendants, and otherwise obtained by the UTG Defendants from Finestone without his consent and through misappropriation, theft or extortion and sold to the Telexe Defendants. (Amended Compl. at ¶114). The value of the Telexe Purchased Numbers is at least $25,000. (Amended Compl. at ¶115). The Telexe Defendants purchased or received the Telexe Purchased Numbers at a time when the Telexe Defendants knew, had reason to know, or otherwise recklessly disregarded

that Finestone or some other person or entity was rightfully entitled to exclusive possessory rights in the Telexe Purchased Numbers. (Amended Compl. at ¶116).

Despite knowledge that the Telexe Purchased Numbers were assigned to Finestone for his exclusive use, the Telexe Defendants have refused to return the Telexe Purchased Numbers to Finestone and have instead continued to withhold from Finestone the rightful use of his exclusive rights thereto. (Amended Compl. at ¶117). The Telexe Defendants' actions set forth herein constitute a violation of Penal Code § 496. (Amended Compl. at ¶118). Finestone has suffered and continues to suffer damages as a result of the Telexe Defendants' receipt of the misappropriated Telexe Purchased Numbers, in an amount to be determined at trial. (Amended Compl. at ¶119). Because of the Telexe Defendants' unlawful acts, and the harm caused thereby, Finestone is entitled to recover all available remedies under the law, including specific performance by way of return of any telephone numbers that have been released to the Telexe Defendants, reasonable attorneys' fees, and costs, pursuant to Penal Code § 496. (Amended Compl. at ¶120). Finestone, however, is only seeking return of the Telexe Purchased Numbers as relief.

Where a plaintiff "has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) *citing Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010); *accord Kloepping v. Fireman's Fund*, No. C 94–2684 TEH, 1996 U.S. Dist. LEXIS 1786, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996) (a "plaintiff's presumptively accurate factual allegations leave little room for dispute," especially where the "defendant had the opportunity to dispute the facts alleged, but has avoided and utterly failed to respond to plaintiff's allegations"). Thus, Finestone's well-plead complaint and ample evidence creates a reasonable likelihood of success on the merits of their underlying claim. These factors weigh heavily in favor of default judgment.

*3. The Sum of Money at Stake in the Action*

The fourth *Eitel* factor assesses the reasonableness of the potential award if a default judgment is entered against Defendant. When the relief is tailored to the specific misconduct of the defendant, default judgment may be appropriate. *Bd. of Trs. v. Core Concrete Const., Inc.*, No. 11-2532 LB, 2012 U.S. Dist. LEXIS 14139, 2012 WL 380304 at *10 (N.D. Cal. Jan. 17, 2012) (citing *Eitel* 782 F. 2d at 1472). *Id.* While the factual allegations in the complaint are taken as true, the same presumption does not apply to the allegation of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Here, Plaintiff is not seeking monetary damages. Rather, Finestone is seeking return of the unique and valuable telephone numbers for which he has a superior possessory interest over Shi and Telexe.

This Court recently decided a very similar case on October 13, 2022 where plaintiff sought repossession of improperly withheld specific property. "The requested remedy in this case is not for money but for possession of the Repossession Vehicles. Because the requested vehicles were specifically named in the Notes at issue and are already subject to the writ of possession, the court finds this factor weighs in favor of the court entering default judgment against defendants." *Commer. Credit Grp. Inc. v. SHR Transp., Inc.*, No. 2:21-cv-01020 JAM AC, 2022 U.S. Dist. LEXIS 188198, at *10-11 (E.D. Cal. Oct. 13, 2022) (*see also Elektra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (where due to defendant's failure to answer the Complaint, as well as ample time to act of almost a year, the court granted injunctive relief, statutory damages, and costs of suit). Similarly here, Finestone is seeking a non-monetary remedy for repossession of the specific phone numbers identified as the Telexe Purchased Numbers in the First Amended Complaint. (Amended Compl. at ¶84).

If the relief is reasonably proportionate to the harm caused by the defendant's actions, properly documented, and contractually justified, then default judgment is warranted. *Bd. of Trs. of Cal. Metal Trades v. Pitchometer Propeller*, 1997 WL 797922, at *2 (N.D.Cal.1997). Because Plaintiff seeks recovery of the four unique Telexe Purchased Numbers, the remedy sought by Plaintiff is limited to returning him to the position he had prior to the Telexe Defendants' misconduct. Because the Telexe Purchased Numbers were specifically listed in

the Amended Complaint, and Finestone explicitly sought return of the numbers in the Amended Complaint, this factor weighs heavily in favor of granting default judgment against Telexe Defendants. Accordingly, the relief is reasonably proportionate to the harm caused to them by Defendant's breach. *See Walters,* 2006 WL 2527776, at *5.

    *4. Possibility of Dispute Concerning Material Facts*

    The fifth *Eitel* factor considers the possibility of dispute as to any material facts of the case. *Eitel*, 782 F.2d at 1471. Here, Plaintiff sufficiently alleges and supports all facts necessary to maintain its claims. *See, e.g. DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("the well-pleaded factual allegations" in the complaint as true; however, the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." (*citations omitted*)). An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. Fed. R. Civ. P. 8(b)(6). Since Defendant has made no attempt to challenge the accuracy of the Amended Complaint, no dispute of material fact exists that would preclude the District Court from granting Plaintiff's motion for default judgment. *N. California Glaziers Pension Trust Fund v. Hollis Glass, Inc.*, C 11-0966 CW MEJ, 2011 U.S. Dist. LEXIS 119565, 2011 WL 5974618, at *20 (N.D. Cal. Oct. 13, 2011) (*subsequent history omitted*); *Derek Andrew, Inc.*, 528 F.3d at 702 (factual allegations of complaint taken as true for purposes of liability).

    *5. Possibility of Excusable Negligence*

    The sixth *Eitel* factor contemplates the possibility that Defendant's default was the result of excusable neglect. *Eitel*, 782 F.2d at 1471. Excusable neglect is not expressly defined, but the cornerstone of the concept is that a party was unable to respond, or that it held a reasonable expectation that it was not required to act. In *Eitel*, for example, the court held that the Defendant was justified in failing to file a timely answer because the parties appeared to have reached a settlement prior to the deadline for Defendant's answer. *Id.*, at 1472. Failure to appear or participate in a proceeding, however, is not excusable neglect. *Lasheen v. Embassy of the Arab Republic of Egypt*, 625 F. App'x 338, 340 (9th Cir. 2015) (default judgment against

NOTICE AND MOTION FOR DEFAULT JUDGMENT
14

the defendants was proper given their sporadic participation in the litigation, frequent failures to appear, and ultimate failure to appear at a mandatory December 2005 status conference.)

Under this analysis, the Court considers whether Defendant was put on adequate notice to apprise it of the pendency of the action brought against it. *Phillip Morris USA, Inc. v. Castworld Products, Inc*., 219 F.R.D. 494, 500 (C.D. Cal. 2003) (complaint that properly alleges the necessary elements for each of its causes of action is adequate notice). In addition, the Court considers whether the circumstances surrounding Defendant's failure to answer the complaint are sufficient to excuse or justify its default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (default cannot be attributed to excusable neglect where defendants were properly served with the complaint, the notice of entry of default, and the papers in support thereof).

Plaintiff notified the Telexe Defendants formally on at least four occasions prior to filing the Amended Complaint that Finestone had a superior possessory interest in the Telexe Purchased Numbers, but the Telexe Defendants failed to respond or to return the Telexe Purchased Numbers (Amended Compl. at ¶¶ 89, 117, 120, 175, 185, 191). Plaintiff issued a non-party subpoena to Shi and Telexe on June 10, 2022 disclosing that Finestone asserted a right to the Telexe Purchased Numbers and requesting production of documents related to the purchase of the Telexe Purchased Numbers. (Taff-Rice Decl., at ¶7, Exhibit 1.) Neither Shi nor Telexe responded by the requested deadline so Plaintiff's counsel sent a letter via U.S. Certified Mail requesting compliance with the non-party subpoena. (Taff-Rice Decl., at ¶8). Neither Shi nor Telexe responded. On August 17, 2020, Plaintiff's counsel sent a second letter to Shi and Telexe noting their non-compliance with the non-party subpoena and asking again that they produce documents. (Taff-Rice Decl., at ¶9). Neither Shi nor Telexe responded.

On or about September 26, 2021, Finestone attempted to contact Mr. Shi and Telexe by calling a telephone number. (Finestone Decl., at ¶2). A man answered the call but stated that he was not Mr. Shi, but rather a friend who was helping Mr. Shi sell his car because Mr. Shi had returned to China because he is a Chinese citizen. (Finestone Decl., at ¶3). Shi and Telexe were personally served with copies of the Amended Complaint on October 10, 2022 and

were informed that the papers served were important legal documents and that they required a response. (Declaration of Duane Hamilton) On November 7, paper copies of the Clerk's notice of entry of default were mailed to Shi and Telexe via U.S. Certified Mail and a courtesy copy was emailed to an email address believed to be used by Mr. Shi. (Taff-Rice Decl., at ¶10). Thus, there is no evidence of excusable neglect by Defendants. Defendants' failure to appear or to take steps to defend against the Complaint gives the Court no grounds to find that the default resulted from excusable neglect.

*6. Policy for Deciding on the Merits*

Under the final *Eitel* factor, the Court must consider the policy of the federal courts in favoring decisions on the merits "whenever reasonably possible". *Eitel,* 782 F.2d at 1472. However, this policy is not dispositive; rather, the Court still has great latitude in exercising its discretion with regards to the relative weight of the remaining *Eitel* factors. *PepsiCo*, 238 F.Supp.2d at 1177. Furthermore, the "defendant's failure to answer the plaintiff's complaint makes a decision on the merits of a case impractical, if not impossible." *Id.* As a consequence, the policy of favoring decisions on the merits does not preclude a court from granting a default judgment when the defendant fails to respond. *Walters*, 2006 WL 2527776, at *6.

"'[A] party . . . who deliberately prevents resolution of a lawsuit [is] deemed to have actually litigated" the issues. *In re Docteroff*, 133 F.3d 210, 215 (3d Cir. 1997). 'To hold otherwise would encourage [obstructive] behavior . . . and give litigants who abuse the processes and dignity of the court an undeserved second bite at the apple.'" *FCA US LLC v. Santander Bank, N.A.*, No. 19 C 1516, 2021 U.S. Dist. LEXIS 52353, at *14-17 (N.D. Ill. Mar. 17, 2021) (citing *In re Sharif*, 549 B.R. 485, 514 n.17 (Bankr. N.D. Ill. 2016) (noting the Seventh Circuit's approval of *Docteroff*).

Defendant has failed to participate in the proceedings brought against it, despite adequate notice spanning two years and opportunity to do so. If a default judgment is not granted, Plaintiff will have no ability to pursue a remedy for the harms arising from Defendant's conduct. On balance, the court should find that the first five *Eitel* factors outweigh the Federal Rules of Civil Procedure's preference for a decision on the merits.

**D. Damages**

Finestone respectfully requests as non-monetary relief that the Court conclude that Finestone has a superior possessory interest in the Telexe Purchased Numbers, issue a declaratory judgment that the Telexe Numbers should be returned to Finestone, and order the UTG Defendants and the Telexe Defendants to take all necessary steps to have the Telexe Purchased Numbers ported to a carrier of Finestone's choice. "Where, as here, the United States seeks non-monetary relief, this factor weighs in favor of granting default judgment for the United States. *See id.* at 393." *United States v. Tarantino*, No. CIV S-06-0618 GEB EFB, 2007 U.S. Dist. LEXIS 37886, at *13-14, 99 A.F.T.R.2d (RIA) 2007-2932 (E.D. Cal. May 23, 2007). Finestone also respectfully requests that the Court conclude the Telexe Defendants violated Cal. Penal Code § 496 by improperly purchasing the Telexe Purchased Numbers, which the Telexe Defendants knew or should have known could not be purchased under federal law and that the Court award Finestone such other and further relief that the Court deems appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiff has demonstrated it is entitled to default judgment. Accordingly, Plaintiff requests that the Court grant its Motion for Default Judgment and order that the Telexe Defendants have no legal claim or interest in the Telexe Purchased Numbers and that those numbers be ported to a carrier of Mr. Finestone's choice within 7 days of the date the Court enters a default judgment against the Telexe Defendants.

Dated this 14th day of November, 2022.

Respectfully Submitted,
By: /s/Anita Taff-Rice
*Attorneys for Plaintiff Jonathan Finestone*

Anita Taff-Rice
iCommLaw
1547 Palos Verdes #298
Walnut Creek, CA 94597
(415) 699-7885